UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANNY JAMES FISHER,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br><br>                    Defendant. | NO:  12-CV-3115-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 11 and 13.  This matter was submitted for consideration without oral argument.  Plaintiff was represented by Sara M. Herr-Waldroup. Defendant was represented by Jeffrey R. McClain.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion for Summary Judgment.

**JURISDICTION**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  1

Plaintiff Danny James Fisher protectively filed for disability insurance benefits on September 2, 2010. Tr. 193-200. Plaintiff initially alleged an onset date of September 1, 2010. Tr. 40. Benefits were denied initially and upon reconsideration. Tr. 107-13, 115-16. Plaintiff requested a hearing before an administrative law judge ("ALJ"). Tr. 117-18. Plaintiff's case was reviewed by a Senior Attorney Adjudicator ("SAA") before a hearing was scheduled with an ALJ, and the SAA issued a favorable decision on Plaintiff's application on June 15, 2011. Tr. 86-94. The Appeals Council reviewed the decision and remanded the case to an ALJ for further proceedings on September 16, 2011. Tr. 99-104, 119-24. A hearing was held before ALJ Donna W. Shipps on February 14, 2012. Tr. 37-83. Plaintiff was represented by counsel and testified at the hearing. *Id.*  Medical experts Ellen Rozenfeld, Ph.D. and William Hicks, Jr., M.D. also testified. Tr. 42-58. Vocational expert K. Diane Kramer also testified. Tr. 58-79. The ALJ denied benefits (Tr. 13-30) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 2

Plaintiff was 63 years old at the time of the hearing. Tr. 193. According to the record currently before the court, Plaintiff completed twelfth grade.[1] Tr. 219. His most recent employment was owner of a recreational vehicle store from 2001-2010, which he sold in 2010. Tr. 62. Previously he managed trucking companies, drove trucks, and was a transportation consultant in the entertainment industry. Tr. 63-64. In 2010 Plaintiff reported anxiety problems for the past twelve years that varied in intensity. Tr. 339. Consultative examination also revealed at least some cognitive impairment. Tr. 343-44.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a

---

[1] Attached to Plaintiff's opening brief is an examination by Don Schimmel, Ph.D. conducted after the Appeals Council's decision. ECF No. 11-1. Dr. Schimmel's examination indicates a different level of education.  However, for the purposes of this statement of facts the court will refer to the information currently in the administrative record.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  3

conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

**FIVE–STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 4

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  5

416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  6

If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2010, the alleged onset date. Tr. 18. At step two, the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  7

ALJ found Plaintiff has the following severe impairments: generalized anxiety

disorder; rule-out cognitive disorder; alcohol abuse in remission; obesity; kidney

cancer in full remission; impaired renal function; gastroesophageal reflux disease;

Barrett's esophagus; and hiatal hernia. Tr. 18-19. At step three, the ALJ found that

Plaintiff does not have an impairment or combination of impairments that meet or

medically equals the severity of one of the listed impairments in 20 C.F.R. Part

404, Subpt. P, App'x 1. Tr. 19. The ALJ then determined that Plaintiff had the

RFC

> to perform medium work as defined in 20 C.F.R. § 404.1567(c) except he
> could remember locations and work-like procedures, understand, remember,
> and carry out very short and simple or detailed instructions, perform
> activities within a schedule, maintain regular attendance, be punctual within
> customary tolerances, sustain an ordinary routine without special
> supervision, work in coordination with others without being distracted by
> them, make simple work-related decisions, complete a normal workday and
> workweek without interruptions from psychologically based symptoms,
> perform at a consistent pace without an unreasonable number and length of
> rest periods, interact appropriately with the general public, ask simple
> questions or request assistance, accept instructions and respond
> appropriately to criticism from supervisors, get along with coworkers or
> peers without distracting them, maintain socially appropriate behavior, and
> adhere to basic standards of neatness and cleanliness, be aware of normal
> hazards, travel in unfamiliar places or use public transportation, and set
> realistic goals and make plans independently of others; he could not perform
> jobs with production quotas; and he could not remember detailed
> instructions.

Tr. 22. At step four, the ALJ found Plaintiff is unable to perform any past relevant

work. Tr. 25. At step five, the ALJ found that considering the Plaintiff's age,

education, work experience, and RFC, there are jobs that exist in significant

numbers in the national economy that Plaintiff can perform. Tr. 25.

## ISSUES

The question is whether the ALJ's decision is supported by substantial

evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ erred in

finding Plaintiff not credible; (2) the ALJ erred in assessing Plaintiff's RFC due to

improperly weighed medical evidence; (3) the ALJ erred at step five; (4) the ALJ

failed to follow the Appeals Council's remand order and failed to properly develop

the record; and (5) new evidence requires remand under sentence six of 42 U.S.C.

§ 405(g). ECF No. 11 at 8-19. Defendant argues: (1) the ALJ properly assessed

Plaintiff's credibility; (2) the ALJ reasonably weighed the medical evidence; (3)

the ALJ offered a sufficient hypothetical to the vocational expert; (4) the ALJ

sufficiently developed the record; (5) new evidence provides no basis for remand.

ECF No. 13 at 2-17.

## DISCUSSION

### A. Credibility

Plaintiff argues the ALJ's credibility determination lacks substantial

evidence and should be reversed. ECF No. 11 at 8-10. In social security

proceedings, a claimant must prove the existence of physical or mental impairment

with "medical evidence consisting of signs, symptoms, and laboratory findings."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  9

20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* Absent any evidence of malingering, the ALJ's reasons for discrediting the claimant's

testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir.2012) (quotation and citation omitted).

   Although not directly addressed by the ALJ, the record does not contain any evidence of malingering by the Plaintiff. The ALJ found "the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Tr. 23. As agreed upon by the parties, the primary reason cited by the ALJ for finding the Plaintiff not credible was that his claimed physical and mental limitations were not supported by objective medical evidence. Tr. 23-25. In April 2009 Plaintiff reported to Dr. Anthony Caruso that he was "actually doing well," and again in December 2009 stated to Dr. Michael Welsh that he was physically active on a regular basis. Tr. 303, 322. In November 2009, Dr. Michael Welsh opined that Plaintiff's reported no medication side effects and good medication compliance. Tr. 325. In December 2010, Dr. Roland Dougherty diagnosed Plaintiff with an adjustment disorder with anxiety and a rule-out cognitive disorder but found he was pleasant and cooperative and exhibited good social skills. Tr. 343-44.

   Medical evidence is a relevant factor in determining the severity of a claimant's impairments, however, subjective pain testimony cannot be rejected solely because it is not corroborated by objective medical findings. *Rollins v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 11

*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Thus, while Plaintiff is mistaken that this is always an "improper reason to find a claimant not credible;" the ALJ must offer additional clear and convincing reasons for finding Plaintiff not credible. ECF No. 11 at 9. Interestingly, the parties do not agree on the additional reason arguably given by the ALJ for her adverse credibility finding. Plaintiff contends that the ALJ mistakenly relies on an alleged failure to seek treatment during the relevant period. ECF No. 11 at 9. However, the court agrees with Defendant that the ALJ's statement that Plaintiff "rarely visited doctors for any physical problems during the time period relevant to this decision" was related to analysis of Dr. William Hicks, Jr.'s medical opinion evidence; not a specific reason to support an adverse credibility finding. ECF No. 13 at 6 (citing Tr. 24).

Defendant argues that the additional reason offered by the ALJ in finding Plaintiff not credible was the effectiveness of his anti-anxiety medication. *See Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (an impairment that can be effectively controlled with treatment is not disabling). In support of this argument, Defendant cites to Dr. Welsh's opinion that Plaintiff's "anxiety disorder was stable as the claimant had no side effects from his medication and he remained compliant with treatment." Tr. 24. However, a plain reading of the ALJ's decision does not indicate that effectiveness of treatment was a specific reason for discounting Plaintiff's credibility; nor does this single report

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  12

as to the stability of the anxiety disorder amount to substantial evidence in support of this reason.  Moreover, the record shows that in December 2010 Plaintiff reported that "he has been anxious daily as his medication does not appear to be working well." Tr. 339.

The ALJ erred by relying solely on objective medical findings to support her adverse credibility finding. Thus, the court finds the ALJ's reasons for the credibility finding were not specific, clear and convincing. On remand, the ALJ must make a proper determination of credibility supported by substantial evidence.

## B. Medical Opinion Evidence and RFC Determination

In determining whether a Plaintiff is disabled, the ALJ must evaluate every medical opinion in the record regardless of its source. 20 C.F.R. §§ 404.1527(b); 416.927(b). Factors considered in deciding the weight given to any medical opinion include: examining relationship, length of treatment relationship and frequency of examination, nature and extent of treatment relationship, supportability, consistency with the record as a whole, specialization, and other factors. §§ 404.1527(c); 416.927(c).

Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). If a treating or examining physician's opinion is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 13

uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)).

Plaintiff argues the ALJ improperly weighed the opinion of Dr. James Parker which resulted in an incomplete RFC. ECF No. 11 at 12-13. Dr. Parker, Plaintiff's treating physician, opined that Plaintiff's anxiety symptoms would constantly interfere in his attention and concentration needed to perform simple work tasks; and he was incapable of even "low stress" jobs. Tr. 381. The ALJ assigned "no weight to Dr. Parker's assessment of the [Plaintiff's] limitations due to anxiety as he is not a psychiatrist, his opinion is inconsistent with the remainder of the evidence and his own findings, and he reported that he only sees the [Plaintiff] once or twice per year." Tr. 24. Nature and extent of the treatment relationship and specialization are legitimate factors to determine the weight given to Dr. Parker's opinion. 20 C.F.R. §§ 404.1527(c); 416.927(c). However, the court notes that Dr. Parker is the only treating physician in the medical record and he states that he has treated Plaintiff "for years and know[s] him well." Tr. 385. This would seem to indicate greater weight be given to Dr. Parker's opinion particularly

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  14

in light of Plaintiff's sparse treatment record. *See* Tr. 23 ("[t]he medical evidence as a whole is relatively limited, with large periods of time between doctor visits."). The ALJ additionally reasons that Dr. Parker's opinion is inconsistent with his own findings that claimant was oriented x3 with intact recent and remote memory, judgment, and insight, and he exhibited a normal mood and affect. Tr. 23 (citing Tr. 377). Defendant is correct that an ALJ may reject a medical opinion if it contains inconsistencies. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)("[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). However, the ALJ fails to distinguish that the objective psychiatric finding of normal mood and affect was part of an examination in November 2011, while the functional capacity assessment and finding that Plaintiff was incapable of "low stress jobs" took place in February 2012. See Tr. 377, 385. The court finds this specific reason is not supported by substantial evidence.

Finally, the ALJ relies on inconsistencies between the Dr. Parker's opinion and the "remainder of the evidence." Tr. 24. Defendant argues this includes the opinion of Dr. Roland Dougherty who conducted an independent psychological evaluation for an initial disability determination in December 2010. Dr. Dougherty found that Plaintiff was "pleasant and cooperative" with good social skills; and opined that Plaintiff had "at least mild problems with memory and concentration"

but "should be able to understand, remember and follow simple directions." Tr. 343-44. The contrary opinion of this examining physician may be a specific and legitimate reason to reject a physician's opinion. *See Tonapetyan v. Halter*, 242 F.3d 11144, 1149 (9th Cir. 2001). However, the court notes this opinion appears to address Plaintiff's cognitive limitations instead of his alleged limitations due to anxiety. Additionally, the ALJ immediately distinguishes her rejection of Dr. Parker's opinion by assigning "greater weight" to the opinion of the medical expert at the hearing, Dr. William Hicks, Jr. Tr. 24. However, Dr. Hicks is an expert in internal medicine and cardiology and testified almost entirely about Plaintiff's alleged physical limitations, with only a brief mention of Plaintiff's "history of anxiety noted in several records." Tr. 53-57. The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of an opinion of either an examining or treating physician. *Lester*, 81 F.3d at 831. Dr. Ellen Rozenfeld was the designated psychological expert at the hearing and she testified that she "didn't feel that Dr. Parker's underlying treatment records support [his] opinion in that he consistently notes negative in psychiatric symptoms and has described a normal mental status exam." Tr. 51. However, the ALJ did not cite Dr. Rozenfeld's opinion as a justification for her rejection for Dr. Parker's opinion.

Most glaringly, aside from Dr. Parker and Dr. Hicks, the ALJ erred by failing to weigh all of the medical evidence in the record, including the opinion of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 16

testifying medical expert Dr. Rozenfeld,  as required under 20 C.F.R. §§

404.1527(b) and 416.927(b). In her decision, the ALJ generally refers to the

medical opinion evidence as follows: "As for the opinion evidence, the

undersigned assigned great weight to the accepted medical source opinions while

discounting the non-accepted opinions where appropriate. The reasoning behind

the weight given to certain accepted opinions is discussed in the above analysis."

Tr. 25. This blanket statement does not satisfy the ALJ's burden to evaluate the

medical opinions and does not allow this court to review whether "certain" medical

opinions were properly accepted or rejected.  20 C.F.R. §§ 404.1527(b);

416.927(b).

Further, the ALJ's failure to explain with specificity the weight given to

most of the medical opinion evidence is legal error that taints the ALJ's RFC

determination, the hypothetical posed to the vocational expert at the hearing, and

step five findings. *See* 20 C.F.R. §§ 404.1527(e)(2)(ii) and 416.927(e)(2)(ii). For

example, in assessing Plaintiff's RFC, the ALJ appears to rely heavily on Dr.

Rozenfeld's testimony that Plaintiff would be moderately limited for detailed,

complex tasks but not significantly limited for simple, routine instructions; and

limited by not being involved in fast-paced production. Tr. 50.  This opinion

appears to be based largely on Dr. Dougherty's assessments, as discussed above,

and in part on state agency evaluator Dr. Matthew Comrie who opined that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  17

Plaintiff required work "without high production." Tr. 343-44, 361. However, Dr. Comrie found moderate limitation in Plaintiff's ability to complete a normal work week and to perform at a consistent pace without an unreasonable number and length of rest periods; and his ability to travel in unfamiliar places or use transportation. Tr. 360. These limitations were also reflected in Dr. Comrie's narrative in which he stated that Plaintiff "requires work with a predictable routine" without high "managerial or social demands;" and is "[a]ble to manage simple variations in routine, avoid hazards, travel to and from work…." Tr. 360-61. Despite these moderate limitations opined by Dr. Comrie and affirmed by Dr. Mary Gentile (Tr. 366) and Dr. Rudy Warren (Tr. 370-71), the RFC assessed by the ALJ reflected no limitations in Plaintiff's ability to perform at a consistent pace without an unreasonable number of rest periods; or travel in unfamiliar places or use public transportation. Tr. 22.

The court notes these inconsistencies for the benefit of the ALJ's review on remand, whereupon the ALJ must properly weigh all medical opinions according to the requisite factors and reassess Plaintiff's RFC.

### C. Step Five and Hypothetical

The court has already determined that the failure to properly weigh the medical evidence necessarily requires a reconsideration of the validity of the hypothetical posed to the vocational expert, and the step five findings. *See*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  18

*Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) ("ALJ must propound a hypothetical to a VE that is based on medical assumptions supported by substantial evidence in the record that reflects all the [Plaintiff's] limitations."). Plaintiff additionally argues that the ALJ committed legal error by failing to consider Plaintiff's age, education, and work experience at step five in contravention of 20 C.F.R. § 404.1560(c)(1). ECF No. 11 at 13-14. The parties agree that the ALJ erred at step five by repeatedly not instructing the vocational expert to consider age, education, and work experience. Tr. 66, 70-72, 76-77. However, Defendant argues that the error was harmless because Plaintiff's age and education do not require a finding of disability under the Medical-Vocational Guidelines ("the grids"). ECF No. 13 at 12-15.

The Commissioner may apply the grids in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations.  *Jones v. Heckler*, 760 F.2d 993, 998 (9th Cir. 1985). The guidelines consider limitations on the claimant's strength, i.e., "exertional limitations." *Allen v. Secretary of Health and Human Services,* 726 F.2d 1470, 1472 (9th Cir.1984). However, "[i]f a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids." *Penny v. Sullivan*, 2 F.3d 953, 958 (9th Cir. 1993).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 19

In this case, the ALJ found

> [i]f the [Plaintiff] had the residual functional capacity to perform the full range of medium work, a finding of "not disabled" would be directed by Medical-Vocational Rule 203.07. However, the [Plaintiff's] ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled medium occupational base, the [ALJ] asked the vocational expert whether jobs exist in the national economy with the claimant's age, education, work experience, and residual functional capacity.

Tr. 26. Defendant's argument is therefore inapposite as the ALJ correctly determined that the grids were not sufficient this case due to Plaintiff's additional limitations, and relied on a vocational expert. The ALJ's repeated directive that the vocational expert should *not* consider age, education, and work experience at the hearing is clear legal error. In addition, the ALJ misrepresents the testimony of the vocational expert in the step five findings of her written decision by affirming that she asked the vocational expert to consider age, education, and experience when the record shows that the vocational expert was explicitly directed not to consider these factors. Tr. 26, 76-77.

Finally, while not raised by Plaintiff, the court is compelled to note that the ALJ's decision includes inconsistent findings as to Plaintiff's additional limitations, and therefore it is impossible for this reviewing court to determine whether the hypothetical proposed to the vocational expert was accurate and supported by substantial evidence in the record. *See Osenbrock*, 240 F.3d at 1165.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 20

First, the ALJ found Plaintiff had the RFC to perform medium work "except he *could* … understand, remember, and carry out very short and simple or detailed procedures…." Tr. 22 (emphasis added). However, in the same RFC determination the ALJ found that Plaintiff "could not remember detailed instructions." Tr. 22. To further complicate matters, at step four the ALJ found that Plaintiff's RFC "only permits occasional understanding and remembering detailed instructions…." Tr. 25. Thus, a detailed reading of the decision alternately finds Plaintiff can, cannot, or occasionally can, understand and remember detailed instructions. On remand, the ALJ must reassess Plaintiff's RFC and pose an accurate hypothetical to the vocational expert at step four or five, as appropriate, that includes limitations supported by substantial evidence.

**D. Duty to Develop Record**

Plaintiff argues that the ALJ (1) failed to follow the Appeals Council remand order and (2) failed to adequately develop the record with regard to Plaintiff's cognitive function.[2] ECF No. 11 at 15-16. Upon remand by the Appeals Council the ALJ "shall take any action that is ordered by the Appeals Council and may take

_____

[2] Plaintiff also argues that the ALJ failed to comply with the Appeal Council's order to further evaluate Plaintiff's subjective complaints. Tr. 102. As the court has already found the ALJ must reconsider Plaintiff's credibility on remand, it is unnecessary to address this argument.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 21

any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). In this case the Appeals Council directed the ALJ to "[o]btain additional evidence concerning the [Plaintiff's] physical and mental impairments in order to complete the administrative record in accordance with our regulatory standards, including considering the need to obtain a consultative examination and medical source statements about what the [Plaintiff] can do despite his impairments." Tr. 102. As noted by Plaintiff, the record does not indicate that any additional medical evidence was taken after the Appeals Council remand order on September 16, 2011, other than a few progress notes and a physical residual functional capacity questionnaire from Dr. Parker. Tr. 373-85.

Defendant argues that the ALJ discharged her duty to develop the record by calling two medical experts to testify at the hearing. The court agrees. As an initial matter, a plain reading of the Appeals Council's order does not explicitly direct that the ALJ *must* obtain an additional consultative examination. The ALJ did consider additional evidence from Dr. Parker submitted after the Appeals Council remand order,[3] in addition to the testimony of two experts, which fulfills her duty to undertake this particular portion of the Appeals Council order.

---

[3] As indicated above, the court has already found remand is necessary to reevaluate the medical opinion evidence, including Dr. Parker's opinion. However, whether

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  22

Moreover, due to the above referenced inconsistencies in the ALJ's previous decision, the court is unable to rule on whether the ALJ had an independent duty to develop the record as to Plaintiff's cognitive function. "An ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150). Plaintiff argues that the ALJ should have ordered further cognitive testing to assess the possibility of early onset dementia based on Dr. Dougherty's diagnosis of a rule-out cognitive disorder and statement that he "cannot rule out some progressive early dementia." ECF No. 11 at 15-16 (citing Tr. 343). Although the ALJ found a "rule-out cognitive disorder" as a severe impairment at step two, Plaintiff contends that "the evidence was not sufficiently developed to show his ability given the diagnosed medical disorder." ECF No. 11 at 16.

Dr. Dougherty opined that Plaintiff had "some at least mild problems with memory and concentration during the mental status examination. However, he should be able to understand, remember and follow simple directions." Tr. 343-44. Defendant argues that the ALJ credited this this opinion and factored any possible cognitive disorders in to the assessed RFC, resulting in an unambiguous record

---

this medical opinion was properly considered is a separate issue from the ALJ's duty to develop the record.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 23

regarding Plaintiff's functional abilities. ECF No. 13 at 4. However, as indicated above, the ALJ's inconsistent and unsupported findings as to Plaintiff's cognitive limitations in the RFC make it impossible for this reviewing court to determine whether the record was adequate to allow for proper evaluation of the evidence. While not finding error at this time, the court suggests the ALJ consider whether the record as to Plaintiff's cognitive function is adequately developed on remand.

**E. New Evidence**

After the ALJ issued her decision on February 23, 2012 (Tr. 26), and the Appeals Council denied Plaintiff's request for review on July 20, 2012 (Tr. 1), Plaintiff underwent a psychological examination by Don Schimmel, Ph.D., who reviewed the medical record, examined Plaintiff via telephone, and opined that Plaintiff "is very unlikely to be capable of holding a normal, stressful and competitive full- or part-time job." ECF No. 11-1. Plaintiff argues that Dr. Schimmel's report, submitted for the first time to this reviewing court, is new evidence supporting a remand under sentence six of 42 U.S.C. § 405(g).  ECF No. 11 at 17-18."Under U.S.C. § 405(g) (Supp.2001), in determining whether to remand a case in light of new evidence, the court examines *both* whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier." *Mayes*, 276 F.3d at 461-62 (emphasis added).

Plaintiff contends that good cause is present because "the Appeals Council's decision was made in just five months, [so Plaintiff] was unable to procure this evidence prior to the Appeals Council's denial of his request for review, even though he was in the process of acquiring the evidence." ECF No. 11 at 18. Defendant responds that Plaintiff has not shown good cause for failing to procure and present the new evidence prior to the ALJ's decision and the Appeals Council's review. The court agrees. "A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied. To demonstrate good cause the [Plaintiff] must demonstrate that the new evidence was unavailable earlier." *Mayes*, 276 F.3d at 463. While some delay may be understandable, Plaintiff does not explain why he could not have obtained this telephonic examination with Dr. Schimmel in the five months between the February 23, 2012 decision and the Appeals Council's decision issued July 20, 2012. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) ("[i]f new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied.").

Thus, regardless of whether Dr.Schimmel's report is material to a disability determination, Plaintiff failed to meet the good cause requirement for remand under sentence six of 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 25

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error. On remand, the ALJ should reassess Plaintiff's credibility; reconsider the medical opinion evidence and provide legally sufficient reasons for the weight assigned to all relevant opinions; reassess Plaintiff's RFC and take additional testimony from a vocational expert which includes all the limitations credited by the ALJ; reconsider whether the record should be developed further including the possible need for a consultative examination and medical source statements about what the Plaintiff can do despite his impairments; and reconsider her findings at step four and five.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2.  Defendant's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** March 21, 2014.

              _s/ Fred Van Sickle_
                Fred Van Sickle
        Senior United States District Judge